FOR PUBLICATION

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

MONIQUE FAULKNER,                    )
                                     )
              Plaintiff,             )
                                     )
       v.                            )        Civil No. 2008-10
                                     )
DOWSON HOLDING COMPANY, INC.         )
d/b/a CARIBBEAN BEACH HOTEL          )
and BEST WESTERN                     )
INTERNATIONAL, INC.                  )
                                     )
              Defendants.            )
_____ )

ATTORNEYS:

**Alan R. Feuerstein, Esq.**
Buffalo, N.Y.
     *For the plaintiff.*

**Thomas H. Hart, III, Esq.**
St. Croix, U.S.V.I.
     *For the plaintiff.*

**Terri Griffiths, Esq.**
St. Thomas, U.S.V.I.
     *For defendant Dowson Holding Co., Inc.*

**Best Western International, Inc.**
     *Pro se defendant.*


<u>**MEMORANDUM OPINION**</u>


**GÓMEZ, C.J.**

     Before the Court is the motion of defendant Dowson Holding

Co., Inc. ("Dowson") for partial summary judgment against the

plaintiff, Monique Faulkner ("Faulkner").

### I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

     On January 19, 2006, Faulkner and Blair Shannon ("Shannon")

*Faulkner v. Dowson Holding Co., et al.*
Civil No. 2008-10
Memorandum Opinion
Page 2

were guests at the Caribbean Beach Hotel on St. Thomas, U.S.
Virgin Islands.  On that date, Faulkner was assaulted and Shannon
was shot and killed by an individual loitering in the hotel.
According to Faulkner, the cause of her assault and Shannon's
death is the negligence of Dowson and *pro se* defendant Best
Western International, Inc. (collectively referred to as the
"Defendants").

Consequently, Faulkner brought this three-count action
against the Defendants, alleging that she has suffered emotional
distress from the shock of witnessing Shannon's death.
Specifically, Faulkner's first cause of action asserts a claim
for negligent infliction of emotional distress based on the
Defendants' alleged duties as a landowner.  The second cause of
action asserts a negligence claim based on the Defendants'
alleged duties as an innkeeper.  The third cause of action seeks
punitive damages for the Defendants' alleged gross negligence.

Dowson now moves for summary judgment as to Faulkner's claim
for negligent infliction of emotional distress.  Faulkner has
filed an opposition.[1]

---

[1]  Local Rule of Civil Procedure 56.1(b) provides, in
pertinent part:

> Any party adverse to a motion filed under this rule may
> file a response, brief, affidavits and other supporting
> documents within twenty (20) days of the filing of the
> motion.  The respondent must address the facts upon
> which the movant has relied pursuant to subsection

*Faulkner v. Dowson Holding Co., et al.*
Civil No. 2008-10
Memorandum Opinion
Page 3

## II.  <u>DISCUSSION</u>

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Hersh v. Allen Products Co.*, 789 F.2d 230, 232 (3d Cir. 1986).

The movant has the initial burden of showing there is no genuine issue of material fact, but once this burden is met it shifts to the non-moving party to establish specific facts showing there is a genuine issue for trial. *Gans v. Mundy*, 762 F.2d 338, 342 (3d Cir. 1985).  The non-moving party "may not rest upon mere allegations, general denials, or . . . vague statements . . . ." *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991).  "[T]here is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a

_____

(a)(1), using the corresponding serial numbering and
either (i) agreeing that the fact is undisputed; (ii)
agreeing that the fact is undisputed for the purpose of
ruling on the motion for summary judgment only; or
(iii) demonstrating that the fact is disputed.

LRCi 56.1(b) (2008).

Here, Faulkner's opposition to the motion for partial
summary judgment is deficient to the extent it includes a
separate statement of facts that fails to address the facts set
forth in Dowson's statement of undisputed material facts in the
manner described by the above rule.

*Faulkner v. Dowson Holding Co., et al.*
Civil No. 2008-10
Memorandum Opinion
Page 4

verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* In making this determination, this Court draws all reasonable inferences in favor of the non-moving party. *See Bd. of Educ. v. Earls*, 536 U.S. 822, 850 (2002); *see also Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994).

### III.   <u>ANALYSIS</u>

Dowson argues that it is entitled to summary judgment on Faulkner's claim for negligent infliction of emotional distress because Faulkner is not a member of Shannon's immediate family. Dowson relies primarily on this Court's decision in *Cohler v. United States*, Civ. No. 2005-29, 2006 U.S. Dist. LEXIS 83821 (D.V.I. Nov. 13, 2006). In *Cohler*, the Court explained that

> [i]n order to state a claim for negligent infliction of emotional distress based on witnessing an injury to a third person, a plaintiff must allege that:
>
> 1. The defendant's negligence placed the plaintiff in danger for his own safety - in other words, the plaintiff was in the "zone of danger" when the accident occurred;
>
> 2. The plaintiff suffered bodily harm as a result of emotional disturbance; and
>
> 3. The plaintiff is a member of the injured third party's *immediate family*.

*Faulkner v. Dowson Holding Co., et al.*
Civil No. 2008-10
Memorandum Opinion
Page 5

2006 U.S. Dist. LEXIS 83821, at *3-4 (emphasis supplied) (citing

RESTATEMENT (SECOND) OF TORTS §§ 436 (2)-(3), 436A (1965).[2]

　　The parties in this matter do not dispute that Faulkner is

not a member of Shannon's immediate family.  As such, the Court

finds that Dowson has met its initial burden of showing the

absence of any genuine question of material fact regarding the

viability of Faulkner's claim for negligent infliction of

emotional distress.  The burden now shifts to Faulkner to show

---

　　　　[2]  Section 436 provides, in pertinent part:

　　　(2) If the actor's conduct is negligent as creating an
　　　unreasonable risk of causing bodily harm to another
　　　otherwise than by subjecting him to fright, shock, or
　　　other similar and immediate emotional disturbance, the
　　　fact that such harm results solely from the internal
　　　operation of fright or other emotional disturbance does
　　　not protect the actor from liability.

　　　(3) The rule stated in Subsection (2) applies where the
　　　bodily harm to the other results from his shock or
　　　fright at harm or peril *to a member of his immediate
　　　family* occurring in his presence.

RESTATEMENT (SECOND) OF TORTS § 436 (2)-(3) (1965) (emphasis
supplied).

Section 436A provides:

　　　If the actor's conduct is negligent as creating an
　　　unreasonable risk of causing either bodily harm or
　　　emotional disturbance to another, and it results in
　　　such emotional disturbance alone, without bodily harm
　　　or other compensable damage, the actor is not liable
　　　for such emotional disturbance.

RESTATEMENT (SECOND) OF TORTS § 436A (1965).

*Faulkner v. Dowson Holding Co., et al.*
Civil No. 2008-10
Memorandum Opinion
Page 6

the existence of triable material facts with respect to that
claim.

In an effort to meet her burden, Faulkner urges the
application of Section 313, not Section 436, of the Restatement
(Second) of Torts.[3]  According to Faulkner, Section 313
demonstrates that if a plaintiff is "threatened with bodily harm,
other than through emotional distress, a cause of action exists
in favor of the Plaintiff even if they are not a member of the
injured third party's immediate family." (Pl.'s Opp'n to Def.
Dowson's Mot. for Partial Summ. J. 3.)

Faulkner points to no authority, however, for the

---

[3]  Section 313 provides in its entirety:

(1) If the actor unintentionally causes emotional
distress to another, he is subject to liability to the
other for resulting illness or bodily harm if the actor

(a) should have realized that his conduct involved an
unreasonable risk of causing the distress, otherwise
than by knowledge of the harm or peril of a third
person, and

(b) from facts known to him should have realized that
the distress, if it were caused, might result in
illness or bodily harm.

(2) The rule stated in Subsection (1) has no
application to illness or bodily harm of another which
is caused by emotional distress arising solely from
harm or peril to a third person, unless the negligence
of the actor has otherwise created an unreasonable risk
of bodily harm to the other.

RESTATEMENT (SECOND) OF TORTS § 313 (1965).

*Faulkner v. Dowson Holding Co., et al.*
Civil No. 2008-10
Memorandum Opinion
Page 7

proposition that Section 313 has abandoned the immediate-family requirement for a claim of negligent infliction of emotional distress. Indeed, the Reporter's Notes to Section 313 state just the opposite:

> Bystanders, *other than spouses and parents*, always have been denied recovery. . . . [T]he language used [in the decisions denying recovery] is broad enough to deny recovery for the effects of mental disturbance at harm or peril to any third person, even on the part of near relatives.

RESTATEMENT (SECOND) OF TORTS § 313 (1965). Moreover, in *Cohler*, this Court expressly concluded that "there is no reason to assume that the treatment of familial relationships would be different for negligent infliction of emotional distress under section 313 than it would be under section 436." *See Cohler*, 2006 U.S. Dist. LEXIS 83821, at *8 n.3.[4]

Faulkner endeavors to buttress her claim of negligent infliction of emotional distress by pointing the Court to a signed declaration attached to her opposition. In that declaration, Faulkner avers that she was "personally present"

---

[4] The case law interpreting Section 313 further supports the conclusion that the immediate-family requirement applies to that provision. *See, e.g., Harnicher v. University of Utah Med. Ctr.*, 962 P.2d 67, 69 (Utah 1998) (stating that the "zone of danger rule allows one who is himself or herself threatened with bodily harm in consequence of the defendant's negligence to recover for emotional distress resulting from viewing the death or serious physical injury of a *member of his or her immediate family*") (quotations and citations omitted); *Clohessy v. Bachelor*, 675 A.2d 852, 857 (Conn. 1996) (same); *Bovsun v. Sanperi*, 461 N.E.2d 843, 844 (N.Y. 1984).

*Faulkner v. Dowson Holding Co., et al.*
Civil No. 2008-10
Memorandum Opinion
Page 8

during the events alleged in the complaint. (*See* Faulkner Decl. ¶ 3, May 9, 2008.)  Faulkner also seeks support for her argument that "the zone of danger test no longer applies" in the case law of other jurisdictions discussing the "zone of danger" requirement for claims of negligent infliction of emotional distress. (Pl.'s Opp'n to Def. Dowson's Mot. for Partial Summ. J. 4.)  Significantly, that case law is not the law of the Virgin Islands.

Furthermore, while Faulkner's presence in the zone of danger certainly bears on the viability of a claim of negligent infliction of emotional distress, her discussion of this requirement is superfluous for the purpose of this motion. Indeed, it is not disputed that Faulkner was within the zone of danger during Shannon's shooting.  Rather, Faulkner's legal impediment to relief arises because she is not a member of Shannon's immediate family.  Faulkner's emphasis on her "close personal relationship" to Shannon is no substitute for the familial relationship that is required for a claim of negligent infliction of emotional distress. *See Cohler*, 2006 U.S. Dist. LEXIS 83821, at *13 (holding that "the phrase 'immediate family' refers only to parents, children, siblings, and spouses").

**IV.  <u>CONCLUSION</u>**

For the reasons given above, the Court finds that there are no genuine issues of material fact with respect to Faulkner's

*Faulkner v. Dowson Holding Co., et al.*
Civil No. 2008-10
Memorandum Opinion
Page 9

claim of negligent infliction of emotional distress, as asserted

in the first cause of action.  The Court further finds that

Dowson is entitled to judgment as a matter of law with respect to

that claim.  An appropriate order follows.


S_____
    **CURTIS V. GÓMEZ**
      **Chief Judge**