DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

TRUSTEE OF THE BANKRUPTCY ESTATE OF MONIQUE FAULKNER,

Plaintiff,

v.

DOWSON HOLDING COMPANY, INC. d/b/a CARIBBEAN BEACH HOTEL and BEST WESTERN INTERNATIONAL, INC.,

Defendants.

Civil No. 2008-10

MEMORANDUM OPINION AND ORDER[1]

Before the Court is defendant Dowson Holding Company, Inc.'s Amended Motion for Sanctions (Dismissal with Prejudice) (ECF 133).[2] In its Order dated December 22, 2011, the District Court denied as moot so much of the motion as sought the sanction of dismissal pursuant to the Court's inherent power, because the parties had settled the underlying claims (ECF 152). This Memorandum and Order will address that portion of the motion that seeks costs and attorney's fees pursuant to 28 U.S.C. § 1927.

1 The original caption listed Monique Faulkner as the plaintiff. After the inception of this action, on motion the trustee of Faulkner's bankruptcy estate was substituted as the real party in interest (ECF 134).

2 The motion also contains the caption of a related case, *Hamilton v. Dowson Holding Company, Inc. and Best Western International, Inc.,* Civil No. 2008-02. The present case was consolidated with the *Hamilton* matter for purposes of discovery only (ECF 12).

## I. FACTUAL AND PROCEDURAL HISTORY

On January 19, 2006, Monique Faulkner ("Faulkner") and Blair Shannon ("Shannon") were guests at a hotel on St. Thomas, U.S. Virgin Islands owned and/or operated by defendants. On that date, Shannon was shot and killed by a person attempting to rob Shannon and Faulkner in their hotel room. On January 18, 2008, Faulkner filed this action alleging that she suffered emotional distress as a result of witnessing Shannon's death. She stated claims of negligence based on defendants' alleged duties as an innkeeper, and sought punitive damages for gross negligence. After the subject incident, but before filing the complaint herein, on August 22, 2006, Faulkner filed for bankruptcy in the United States Bankruptcy Court for the Southern District of Ohio.

After discovery and motion practice in this case, on January 28, 2010, the Bankruptcy Court overseeing Faulkner's bankruptcy entered an Order approving a settlement reached by defendants and the trustee of Faulkner's bankruptcy estate. Notwithstanding the settlement, on March 5, 2010, Dowson filed the instant motion for sanctions. Thereafter, on April 12, 2010, this Court entered an Order (ECF 139) acknowledging the settlement and denying all pending motions without prejudice, subject to the submission of a stipulation to dismiss pursuant to the settlement. Defendant Dowson sought reconsideration of that Order so that the Court could consider the pending motion for sanctions. On March 22, 2011, the Court vacated the

April 12, 2010 Order insofar as it denied the current sanctions motion, thus clearing the way for consideration of the instant motion.

In support of the request for Section 1927 sanctions, Dowson alleges generally that "Plaintiffs[3] and their lawyers . . .have repeatedly violated numerous ethical rules, have committed fraud on the Courts, and have vexatiously, and in bad faith, multiplied the instant proceedings." (ECF 133, at pp. 1-2) Dowson then specifically points to the following conduct as illustrative of these allegations:

> Hart knowingly hired Dennis Sheraw, a private investigator, gaining improper access to Dowson's privileged and confidential materials for his own pecuniary gain; Hart did not represent any clients until a year later; Hart repeatedly called Lester Shannon, the personal representative of his brother's estate, who did not authorize this lawsuit; and, it was over a year before Christine Hamilton, represented by Thomas Hart, petitioned the Superior Court in St. Croix to be appointed as the "personal representative."

(ECF 133, at p. 2 (footnote omitted)) Dowson also notes that it moved to disqualify plaintiffs' attorneys because of their involvement with the investigator Sheraw, but that motion was denied.[4]

Further, Dowson contends that after it filed for summary judgment on a legal issue in the case (the foreseeability of the shooting of Shannon), "plaintiffs" sought, and

3 Dowson throughout the motion refers to "plaintiffs" in the plural, and aggregates all of the conduct in Civil No. 08-cv-02 with that in the present case, even though consolidation was only with respect to discovery. Some of the instances on which Dowson relies to demonstrate conduct warranting Section 1927 sanctions were not discovery related and are thus case-specific, and so each allegation should be analyzed separately for its possible impact in this matter alone.

4 See ECF 41, 81. Dowson appealed the order denying disqualification to the District Court (ECF 82), but that appeal was not ruled on prior to the settlement.

were granted, "numerous continuances based on Rule 56(f)[5] on the grounds that they needed to conduct additional discovery in order to respond." (ECF 133, at pp. 7-8) Then, Dowson contends, such discovery was scheduled, and/or cut short or abruptly cancelled, for a variety of unsatisfactory reasons.

Finally, Dowson claims that counsel "have engaged in a course of intimidation of [Dowson's] representatives and non-parties, including but not limited to Lester Shannon, and made numerous unrestrained personal attacks in depositions and pleadings filed with the Court." (ECF 133, at p. 11)

After a review of the law applicable to Section 1927, each of these alleged bases for imposing Section 1927 sanctions will be discussed in turn.

## II. LEGAL AUTHORITY

28 U.S.C. § 1927 provides as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. The statute is aimed at addressing acts by attorneys that unreasonably extend court proceedings. *Zuk v. Eastern Pa. Psychiatric Inst.*, 103 F.3d 294, 297 (3d Cir. 1996) ("Although a trial court has broad discretion in managing litigation before it, the principal purpose of imposing sanctions under 28 U.S.C. § 1927

---

5 Federal Rule of Civil Procedure 56(f), now 56(d), authorizes the Court to allow the nonmovant to take additional discovery in order to respond to a summary judgment motion.

is the deterrence of intentional and unnecessary delay in the proceedings."). The statute does not apply to acts that occurred prior to the filing of a lawsuit, such as a "failure to make a reasonable inquiry into the facts and law before filing," nor does it authorize imposing sanctions on a client. *Zuk,* 103 F.2d at 297.

Moreover, Section 1927 sanctions require a finding of willful bad faith, not merely a showing of objectively unreasonable conduct. *Baker v. Cerberus, Ltd.*, 764 F.2d 204, 208-09 (3d Cir. 1985) ("conduct must be of an egregious nature, stamped by bad faith that is violative of recognized standards in the conduct of litigation"). *See also Grider v. Keystone Health Plan Central, Inc.*, 580 F.3d 119, 142 (3d Cir. 2009)("sanctions may not be imposed under § 1927 absent a finding that counsel's conduct resulted from bad faith, rather than misunderstanding, bad judgment, or well-intentioned zeal;" quoting *LaSalle National Bank v. First Connecticut Holding Group, L.L.C. XXIII,* 287 F.3d 279 (3d Cir. 2002)).

Sanctions under Section 1927 are appropriate for attorneys who engage in "a serious and studied disregard for the orderly process of justice;" *Ford v. Temple Hosp*., 790 F.2d 342, 347 (3d Cir 1986); and not simply those who bring weak cases:

> [I]t is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success.... Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421-22 (1978).

In cases where courts have granted Section 1927 sanctions, bad faith is usually apparent and egregious. For example, in *Administrator-Benefits for the ExxonMobil Savings Plan* v. *Williams*, the Court levied Section 1927 sanctions after an attorney disobeyed the Court's scheduling order and filed numerous frivolous motions:

> Attorney Rogers acted unreasonably in requesting the continuance only hours before the conference was scheduled to commence. By untimely filing the motion for continuance on the same day as the scheduled conference, and by failing to communicate with the Court or make any effort to participate in the conference, Rogers demonstrated bad faith. Rogers also demonstrated bad faith by filing a frivolous motion on Patricia Benjamin's behalf to dismiss this action on jurisdictional grounds. . . . In this case, Rogers intentionally and unreasonably disobeyed the Court's scheduling order. Rogers failed to appear or participate by telephone in the conference and offered no excuses for his absence, except perhaps the frivolous motions he filed. He thereby necessitated the scheduling of another conference, wasting the time and resources of the Court and plaintiff's counsel. He acted willfully in bad faith, evidencing a serious and studied disregard for the orderly processes of justice.

2009 U.S. Dist. LEXIS 120213, at *3 (D.V.I. Dec. 22, 2009). Similarly serious conduct was at issue in *Griffith v. Hess Oil V.I. Corp.*, 5 F. Supp. 2d 336 (D.V.I. 1998), where the Court imposed Section 1927 sanctions for significantly aberrant behavior. In that case, the Court found that "a conscious and deliberate effort by an attorney of the bar of this Court to withhold highly relevant case authority from the Court would constitute bad faith." *Id.* at 340.

Ultimately,"[i]n order to award attorneys' fees under 28 U.S.C. § 1927, a court must find that an attorney has (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so

in bad faith or by intentional misconduct." *Toy v. Plumbers & Pipefitters Local Union No. 74 Pension Plan*, 317 Fed. Appx. 169, 172 (3d Cir. 2009)**.**

## III. ANALYSIS

Dowson first contends that plaintiff's counsel's contacts with investigator Sheraw were wrongful and should have led to counsel's disqualification. Those allegations were dealt with in detail in Magistrate Judge Barnard's Memorandum and Order dated July 2, 2009 that denied the motion to disqualify (ECF 81). Although Dowson disagreed with the result and appealed the Order to the District Court, that appeal was resolved by the District Court's April 12, 2010 Order. Plaintiff's counsel opposed the motion to disqualify and it was decided in their favor. These circumstances do not constitute an unreasonable or vexatious multiplication of proceedings, and do not warrant sanction under Section 1927.

Second, Dowson raises complaints related to the personal representative of Blair Shannon's estate, who allegedly "did not authorize this lawsuit." This complaint relates only to the case involving claims brought by Christine Hamilton as the purported personal representative of the Shannon estate in Civil No. 08-cv-02, and has no bearing on Faulkner's direct claims brought in the instant case. These circumstances likewise do not give rise to Section 1927 sanctions.

Next, Dowson contends that plaintiff Faulkner (and by extension her attorneys) committed fraud on this Court because she initiated a lawsuit in which she "lacked

standing" due to the prior pendency of her bankruptcy, and because she failed to disclose her instant claims as an asset in the bankruptcy court proceeding. There, however, Faulkner was represented by counsel other than her counsel in this case.[6] Although Dowson tries to characterize present counsel's conduct here as wrongful and somehow tied to the occurrences in the Ohio bankruptcy proceeding, Dowson fails to show how Faulkner's bankruptcy failures (1) constitute conduct of counsel as opposed to the client, (2) were known to counsel here and constituted apparent and egregious bad faith or intentional misconduct, or (3) multiplied the proceedings. As a result, sanctions under Section 1927 will not be awarded on this basis.

Dowson's fourth argument in support of its request for sanctions is based on plaintiff seeking "numerous continuances" under Federal Rule of Civil Procedure 56 to take additional discovery for the purpose of responding to Dowson's summary judgment motion. The record reflects that the several Rule 56(f) motions were filed in response to Dowson's July 2009 motion for summary judgment in the *Hamilton* case (Civil No. 2008-02), however, and not in this case. Although Dowson did eventually file a summary judgment motion in this case in December 2009, [7] shortly thereafter the record reflects that the parties settled this matter.[8] Thus, it does not appear from the record that these

---

6 See Declaration of Thomas H. Hart III (ECF 136-1), at ¶¶19-23.

7 Dowson had filed an earlier partial summary judgment motion (ECF 15) in April 2008, which the Court ruled on in a June 23, 2008 Order (ECF 27). There were no Rule 56(f) motions filed in connection with that motion.

8 See the instant Motion, ECF 133, at p. 7 (the Bankruptcy Trustee moved to compromise the claims on December 18, 2009, and the Bankruptcy Court accepted the compromise on January 28, 2010); ECF 133-8 (Bankruptcy Court Order dated January 28, 2010).

proceedings were multiplied in the fashion Dowson alleges, and Section 1927 sanctions are not warranted.

Fifth, Dowson makes allegations regarding the scheduling and rescheduling of depositions, referring to an "Exhibit H (deposition transcript)" to the motion, which purportedly contains evidence of such conduct. No Exhibit H appears to have been filed with this motion, or thereafter. Thus, apart from counsel's somewhat convoluted description of events as contained on pages 8 and 9, the record is devoid of competent evidence supporting an award of Section 1927 sanctions based on the deposition scheduling.

Finally, somewhat as an afterthought, Dowson claims that counsel "engaged in a course of intimidation," and made "numerous unrestrained personal attacks in depositions and pleadings filed with the Court." (ECF 133, at p. 11) Once again, however, Dowson does not cite to any competent evidence of such conduct, and the Court is thus left with nothing more than counsel's bare representation that such conduct occurred. Section 1927 sanctions will not be awarded on that basis.

Accordingly, for the foregoing reasons, it is hereby

ORDERED that the motion for sanctions under 28 U.S.C. § 1927 is DENIED.

**DATED:** February 14, 2012

S___________________________
**RUTH MILLER**
United States Magistrate Judge